*P. Neumann*, for plaintiffs.
*C. W. Ashford*, for defendant.

---

## KEOKI MAO *vs.* APA (Ch).

### TRESPASS.    EXCEPTIONS.

HEARING, DECEMBER 26, 1894.    DECISION, JANUARY 24, 1895.

JUDD, C.J., BICKERTON, J., AND COOPER, CIRCUIT JUDGE, SITTING IN PLACE OF FREAR, J., ABSENT FROM ILLNESS.

In a district court defendant pleaded to the jurisdiction, pleading title in real estate; the court sustained the plea and a general appeal was taken to the circuit court, where the same plea was made and overruled and the case was tried on its merits with a jury. Held, that the district court had jurisdiction; that the appeal should have been on a point of law; that the case should have been remanded to the district court for hearing on its merits.

The verdict is set aside and case remanded to district court for trial.

### Opinion of the Court, by Bickerton, J.

This case was first heard in the District Court of North Kona, Island of Hawaii, where the defendant pleaded that the land said to have been trespassed on was his land; this we understand to have been a plea to the jurisdiction of the court. Sec. 10 of the Act " To Re-organize the Judiciary Department," p. 92, Laws of 1892, provides that district courts " shall not have cognizance of real actions, nor actions in which the title to real estate shall come in question." The said court after hearing the evidence, dismissed the case, on the ground that it was a dispute as to the right or title to the land said to have been trespassed upon; this could only mean that the court sustained the plea to the jurisdiction. A general appeal was taken by plaintiff to the Circuit Court of the Third Circuit, at the October Term, 1894, where the same point was raised cn motion. After a hearing, the court overruled the motion, thereby holding that the district court had jurisdiction to hear the case and decide it on its merits. The Circuit Court should then and there have remanded the case back to the district court for trial on its merits, but did not do so, and proceeded to trial with a jury, which resulted in a verdict for the plaintiff with $70 damages, and the matter now comes here on a bill of exceptions. When the district court dismissed the case on the grounds above stated the appeal should have been on the question of law, as to the jurisdiction and not a general appeal, and the appellate court, finding that the lower court had jurisdiction would have had to send the case back for hearing on its merits; that was the only course that should have been pursued.

After a careful exmination of the records and all the evidence in the case, we are unable to find anything that raises the question of title to real estate, or any element that would oust the district court of jurisdiction. There had been no judgment of the district court on the merits of the case, only a ruling sustaining the plea to the jurisdiction;

there was no judgment to take a general appeal from, consequently nothing that could be tried by a jury. The only question under the circumstances that could be presented if properly taken up on appeal was—did the district court have jurisdiction in the case. This has already been answered by the Circuit Court in the affirmative. We are of the same opinion.

The verdict of the jury is set aside and the case is remanded to the District Court of North Kona, Hawaii, for hearing on its merits.

*C. W. Ashford,* for plaintiff.

*W. C. Achi,* for defendant.